of America. Ms. McCormick for the petitioner, Mr. Palmer for the respondent. Good morning, Your Honor, and may it please the court. In this court's 1979 decision in Curry, there were three safeguards that would not, as this court said, pass constitutional muster in a civilian system. Critical to the court's decision in Curry were three safeguards that two of the three safeguards are at issue here. One of them is that the military tribunals would not pass. One is the automatic right to appeal, and one is the automatic appointment to counsel. As far as standing goes, Qosi has not disavowed his appeal, and therefore he has standing. His conviction is at issue in this case, and I have been appointed under the statute to represent him for purposes of the automatic appeal below. And I have no authority as even the case... It's perfectly clear, he has to have standing, not the right. Yes, Your Honor. And he has not authorized this appeal. He has not disavowed this appeal, Your Honor, and I don't have the authority to waive this appeal. In other words, this is not a permissive appeal. This is an automatic right to appeal, and I don't have authority to waive it absent instructions from him. Isn't that automatic right to appeal contingent upon the notion that the person wants to take the appeal? Well, there's nothing in the record that he doesn't want to take this appeal, and I'll tell you... Is there anything in the record that he wants to take the appeal? He did not file the waiver of appeals required within the 10 days. Right, right. And so his automatic repeal, he was entitled to automatic appeal below. The automatic appeal is in the law proceeding. It's not in this court, is it? There's no rule of an automatic appeal in this court. That's correct, Your Honor, but this, in order to vindicate his right to that automatic appeal below, I had no authority from him to waive the right... But I thought the only cases that we could hear, now speaking of our jurisdiction under 950G, we may act under this section, I'm quoting from subsection D, only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside by the court of military commission review. Is that what you're bringing in front of us? The findings and sentence of the court of military commission review. Is that what you're bringing in front of us? Yes, Your Honor. How so? They have made a final decision that they've rejected 950... I'm not saying final decision, it has to be a finding, finding and sentence. What's the finding that's before us? The finding before us is that there is no appeal pending because presumably the waiver was effective. So it's not unlike any other case that is before this court where the case is docketed for purposes of determining the effectiveness of the waiver and whether review... So what is the finding again? The finding is that there was no appeal pending, that he waived his right or for whatever reason the court determined that and it based its entire decision on that. And that's a final judgment for purposes of appeal. Captain, I think the problem I think you may have here is, is with respect to the 950 G, which says, I mean, Judge Griffith is right about looking at D, but it says, it says, we only have jurisdiction over final judgments. Yes, Your Honor. And there's no, even if you're right that the commission's decision with respect to whether you're authorized to represent the petitioner, even if that's wrong, you don't have a final judgment here. That's the problem, isn't it? The CMCR's decision is predicated on the fact that it rejected its mandated review under 950 F. Well, no. That's the final judgment. No, I think the way I see it, there's only one issue. That is that the authority's appointment of you was not enough to establish an attorney-client relationship with Alcosi. Or collateral litigation. Well, no attorney-client relationship, but presumably if Alcosi, if you were to reach Alcosi and he would authorize you to represent him, or if he had some other lawyer, he could still bring his appeal, right? That hasn't been precluded here. Am I wrong about that? Presumably. Okay, so then where's the final judgment? The final judgment is... That's the problem. That's what's bothering me. Yeah. The court's decision below is focused on the Chief Defense Counsel's authority to appoint me for purposes of collateral litigation, because there's no appeal pending. That's expressed in the decision. So they've made the decision that they will not be doing 950 F review below. That's the final decision that's before here. In other words, they rejected his appeal. No, no. Well, that's not the way I mean it. Let me draw your attention to... Well, let me ask you to just... Could you say, point to me where in the order that's under review here, where they actually rejected that? All I see is language saying that the authority's appointment of you is not sufficient. That's all that I see in there. But then the remainder of that sentence is because there's no direct appeal pending. Right. And I would draw the court's attention to the the show cause order that the court issued in February, I believe it was, of 2014. I think it's at page 85 of the government supplement, where the court, the CMCR recognized that as an alternative So that was a remedy before it. All of this was briefed. They had before them the full briefing that review was mandated, and they rejected that decision. And that's the final decision that's before you. That's why their current decision is based on collateral litigation and their conclusion that there's no appeal pending. But isn't it... Am I wrong that if you were to reach Alcosi, say, by phone, and he authorized you to pursue his appeal, or if he found other counsel, he couldn't do that, correct? Nothing precludes that at this point. Nothing precludes that, Your Honor. Okay. All right. Although it's difficult to understand, given the court's decision below, the vehicle that I would use to do that. It might have to be Quorum Novus that I appeal, because they did reject the 950F appeal. So I had another question for you. The CMCR asked you several times to explain why you actually had to travel there, why a phone call or a letter wouldn't do. And the government says in its brief that you never responded to that. You say that you did. I did, Your Honor. In the response to the Show Cause order, I told them that despite my best efforts, given the limitations that the government had placed on me, I had been unable to establish communication. Nothing was sufficient, absent. And I had explained to them in my initial brief that travel to Sudan was necessary because of the trust issues that are involved in trying to establish trust. Okay. So I'm looking at your response to the Show Cause order. You say, you talk about the obstacles the government has put in your way, right? You talk about the Show Cause order. It's basically that the appeal is automatic. Where's the response to the government saying, why isn't either a letter or a phone call sufficient? Well, first of all, the court didn't ask me to be specific about what I'd done. But if you look at the section, it's near the end, where I say that despite my, the language is in there, despite my best efforts, I have been unable to establish communication with them. But you did invite a letter to your erstwhile client, did you? Yes, I did, Your Honor. And what happened? There was no response. But I don't have an address for him. I don't have a phone number for him. I went through intermediaries and all the information I had in the case file. Nothing was sufficient. And I would remind the court that he's subject to monitoring by the Sudanese government, which is a very repressive regime. Our office is subject to monitoring and communications to Sudan are subject to monitoring. So I can't even be certain that he received my letter or that the intermediaries made contact with him. So I've been frustrated at every angle. And the fact that I can't travel, which is a normal thing for an appellate counsel to do, to try and consult with the client, has made this case what it is. That's how it started out. And the reason the government denied my travel was, is that they deemed the waiver to be effective. And we know now in the Hicks case, the CMCR is held differently, that the waiver, because it wasn't filed within 10 days in Hicks, same situation as here, that the appeal should have gone forward. And there's nothing in the statute that says that Hicks and Cozy should be treated differently. And so I... What confidence do you have that if you were to travel, you would get contact with him? The... All I can relate to the court is I've been assured by the Sudanese government that they will arrange a meeting if I can get to Sudan. But they can't arrange a phone call. The Sudanese government would have assured that a letter would have been presented. But I can't trust that that happened. But if... Well, you wouldn't trust them the meeting then either. But at least I've made every effort then. And I've made the most effort I can. But you haven't made an effort to make a phone call. I don't have a phone number, Your Honor. I've called intermediaries. I've called the... The contacts that I've had. Ms. McCorrigan, to me that doesn't make sense. You're saying the Sudanese government has promised you that they will arrange an interview. Why don't, instead of promising to arrange an interview, they promise to put him on the phone? I can... Certainly if they can produce him to meet with you face to face, they can produce him to be on the phone with you. And I did ask them for that, Your Honor. And what did they say? They said they couldn't arrange it. They couldn't arrange a phone call, but they could arrange it in person. That doesn't seem plausible. I can only go by what they're telling me, Your Honor. And whether or not I ever establish communication with COSI, the review below is supposed to take place. Now, I understand that that's a system, military system is quite different than what you're used to. But that's what happens in military tribunals. The automatic review below happens whether or not you ever talk to your client, because Congress has mandated that review will happen. And if this court or the CMCR is written into a requirement that COSI come forward and do some affirmative act to ensure that its appeal happens, that's not in the statute. That's a requirement that it's written into the statute. It's not there. And I would ask that this court not adopt that. But Congress cannot provide Article III jurisdiction where it doesn't otherwise exist. Article III jurisdiction exists because his conviction is at issue. No, no, no, ma'am. Not if there's no standing. You can't say there's a legal issue. He has standing. Only if he appeals.  I see the point, Your Honor. And the fact that there is a structure for the military commission or military appeals is irrelevant once you come to Article III court. Right, but even a court-appointed attorney here at Article III court would have standing unless the client came forward. Unless the client didn't authorize it. Unless the client expressed that they didn't authorize it, correct. But it's my understanding... See, I've never thought of a lawyer's role here or in any court as one of standing. It's one of authorization by the client, isn't it? Yes, Your Honor. The question is, does the client have standing and is the lawyer authorized? Right, and in our situation... You don't have any personal standing one way or the other here. That's correct. I'm only here to represent... So the question is, are you authorized? Right, and the statute authorizes me because the statute requires my appointment. We're going in circles now. The commission has said that's not sufficient, right? For collateral litigation. Yeah, right. For my request of trial. Right, okay. The court below seems to think that it has discretion to not do the mandatory review. There is no discretion built into the system. It was required to do the mandatory review and review Mr. Cozy's conviction. I'm here at this court to vindicate that right. So the narrowest holding that you could have is to remand the case for the review that's mandated by 950F and I ask you to do that. Okay. There are no further questions and I'll reserve the remainder of my time and rely on the brief. Okay, thank you. Good morning. I'm Joseph Palmer from the Justice Department. This court lacks jurisdiction over the petition for review in this case because there's no evidence in the record that the petitioner has authorized it. The Supreme Court's cases say that the decision... Wait, wait, wait. I'm glad you started the way you started in your brief with your sentence there. I'm confused. You say we don't have jurisdiction because Captain McCormick wasn't authorized. That sounds to me like the merits. Then you go on in your second section of the brief not till about page 30 and then you say under 950 we lack jurisdiction because it's not a final order, final judgment. So which... I guess I don't completely understand your theory. It sounds like you're starting out with the merits. We see both of those issues as threshold jurisdictional questions. Section 950G that provides for this court's jurisdiction over military commission cases requires as a jurisdictional prerequisite in the government's view a timely and authorized petition for review. Without such a petition for review there's no jurisdiction under 950G. So the government's initial argument regarding whether the petition was authorized goes to whether this court has jurisdiction under section 950G. If there's no petition filed then this court's jurisdiction isn't invoked under that statute. Well did you start with that because you think that's a stronger argument than that there's no final judgment? I do. It does seem to be to us to be the most straightforward resolution of the case and the ground relied on below in that because analogous to a notice of appeal in a criminal case if there's no authorized petition to invoke the court's jurisdiction then there's no jurisdiction. And in this case I don't think there's any dispute that the, as a matter of fact, that  I'm sorry I'm just looking at the statute here. What in 950G are you relying on? I understand the final judgment. I mean maybe there's something in this court's procedures or some other federal statute that says we don't have jurisdiction if we don't have a proper notice of appeal. But what's in 950G that says that? It says the D.C. Circuit shall have exclusive jurisdiction to determine the validity of a final judgment. That's all it says. And then G.D. says, as Judge Griffith pointed out, Captain McCormick, we may act under this section only with respect to findings and sentence. What in there talks about, what would we rely on in that statute for the proposition that because Captain McCormick is not authorized we don't have jurisdiction? I'm relying on the provision in between those, subsection C of section 950G referring to a petition for review that must be filed within a 20-day time limit. And we view that requirement, the filing of that petition, according to the time limit, presupposes that that petition must be authorized in order to invoke the court's jurisdiction. Okay. Seems like a much harder argument than your other one. I don't agree with you. I think it's easier. Well, I think they're both equivalent grounds to throw a case out of the jurisdiction. A lawyer can't come to court presenting an issue without a client. And we don't have a client here. So then the lawyer doesn't have to. But that's the issue she's asking us to review. No. I think it's a question of whether there's authority. Well, but she's challenging that. Her theory is that the commission's decision that her appointment is insufficient is inaccurate. This is what conference is like. Right. Except we don't have our robes on for that. You're welcome to participate. If you'd like to participate in this, please join in. You're of the view that the lack of authority is a jurisdictional question. Yes. As am I, even if my colleague is not. But you can... Do you want to say anything else? You can take on the other jurisdictional issue, which is no final judgment. Yes, I think I'd like to agree with the view that was expressed that the... Let me start over. Defense counsel relies on the automatic appeal provisions related to the jurisdiction of the court below, but those provisions do not apply to this court's jurisdiction. There's no automatic appeal to this court. This court's jurisdiction, again, requires the timely filing of an authorized petition in order to invoke it. In the government's view, the decision below did not... I'm sorry. I thought her automatic appeal argument went to the question of whether... Of the actions of the commission, not us. Is that not right? She said he has an automatic appeal to the commission. She wasn't arguing she had an automatic appeal here, just to the commission. That was her argument. I'm not saying it was right or not, but that was her argument. That may be. I took counsel to be contending that because of that automatic appeal below, then the jurisdiction carried over to this court in order to ensure that that automatic review took place. We can ask her when she stands up. I thought her argument about an automatic appeal was a response, was an effort to make an argument that there was an automatic appeal, so there was a case pending, and therefore, her appointment was sufficient. I thought that's what she was arguing. I agree that she's argued that. I was responding then to what we see as the additional hurdle of establishing jurisdiction in this court. Because there's an Article III problem when you come to this court. I understand that. That's your point? In other words, whatever provision Congress provides for the military commission, that doesn't deal with Article III. That's Article I. That's correct. Congress could legitimately provide for Article I that an appeal is pending whether or not it's authorized. Congress could do that, but not with respect to Article III. Is that your point? Whether Congress could provide for an automatic appeal in this court, I agree, Your Honor, would be, would at least raise a difficult question. Our argument is that Congress hasn't done that. And so the court doesn't need to necessarily address the constitutional issue, because Congress has required the affirmative act of the filing of a petition within the 20-day time limit in order to invoke the court's ruling. What's your strongest argument that there's no final judgment here? Isn't that the neatest shot here? I mean, it says we are only supposed to be looking at final judgments from the commission. Well, there is a final military commission judgment in the sense that there is a conviction and sentence in the case. I'm sorry, I didn't hear that. I didn't hear that. Could you say that again? I'm asking for your strongest argument that there is no final judgment before us. Our argument is that there is no final judgment as affirmed or set aside by the CMCR. We construe the decision below as not having reached the question of affirming or setting aside the military commission's judgment, because it determined that the... So is there a finality element to the decision below? It's just not that it's a final judgment reviewing findings and sentence. Is that your argument? Yes. If I've understood, Your Honor, we see that the decision below as having left open the possibility that the petitioner could still authorize defense counsel or other counsel to pursue remedies in that court. It resolved only the question of... That's what I was going to ask you. You're representing to us that that's the case, correct? If Captain McCormick was able to reach him somehow by letter, then he authorized that he could appeal, correct? There's nothing in the decision below that would preclude that. Right. Okay. I wouldn't want to say that there wouldn't be arguments... I told you, Your Honor, I'm not asking you to go beyond it. You're just saying there's nothing in this order that would preclude it. Yes, that's the... The order on review here. Yes. Right? Okay. So that's your answer to Judge Griffith's question, right? About why there's no final judgment, that the only decision here is a resolution of question of whether Captain McCormick is authorized. That's the way we view the decision below. And under your view, that's not a final judgment because it's not a review of a sentence and what is the language? Findings. Findings and sentence. Yes. Right? All right. Anything else? Do you have anything else you want to add? I do have one small point that I might want to make. The government has argued that in the event that the court disagrees with us on these threshold jurisdictional questions, that it should not reach the challenges that defense counsel has raised on the merits, but rather that those should be considered in the first instance by the military courts below. But I do want to take one moment and correct an error that I just found in the government's brief related to one of those merits challenges in the standard of review. The government argued that petitioner both waived and forfeited his ex post facto challenge to the conspiracy count, but only the waiver component of that argument is correct. The petitioner did not forfeit an ex post facto clause challenge to that count because he raised it in a motion pretrial, but he waived it by pleading guilty without reserving the right to appeal that decision. Okay. Thank you. If there are no further questions. No, I don't think so. Thank you. Did Captain McQuarrick have any time left? You can take a whole minute. Thank you, your honor. I would just call this court's attention back to how this case started. I wanted to travel to see my client and the committee authority denied travel based on the fact that the waiver was effective. He was treating the waiver of appellate review as effective. I brought that issue to the CMCR and asked them to order my travel authorized because of the waiver wasn't effective and the statute mandated review. And in the alternative to bring the case to that court to do the 950 review, it didn't do either. And that's the final judgment this year. As far as article three standing goes, the statute authorizes me to be his representative. And even in the case that the government cited, Don V. Nix says, I cannot waive appellate review. That's the part of the quote the government left out of its quotation. So in the absence of my client, that's what the Arrows case of the second circuit. And that's what the Carter v. Bradshaw, which is part of Ryan v. Gonzalez holds is that there are situations where you don't have participation from a client where the attorney has the authority to proceed. Okay. Thank you. Thank you, your honor. Case is submitted.
judges: Tatel, Griffith, Silberman